# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVID D. SCHEIN, Individually and on behalf of all others similarly situated** | § § § § | |
| **VS.** | § § § | **C.A. NO. 4:20-cv-180** |
| **MDU RESOURCES GROUP, INC., RICKEY EVANS d/b/a CERTIFIED COMMERCIAL ROOFING, GREENLIGHT BUSINESS CREDIT, JOSHUA COSTELLO d/b/a PAYLESS ROOFING AND REMODELING, ADVANCED INTERNET MARKETING d/b/a CHOICE CAREER FAIRS, CHRISTOPHER DEAN WELLS d/b/a WELLS CONSTRUCTION and FREEDOM WORKING CAPITAL** | § § § § § § § § § § § § § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **DAVID D. SCHEIN,** Individually and on behalf of all others similarly situated complaining of **MDU RESOURCES GROUP, INC., RICKEY EVANS d/b/a CERTIFIED COMMERCIAL ROOFING, GREENLIGHT BUSINESS CREDIT, JOSHUA COSTELLO d/b/a PAYLESS ROOFING AND REMODELING, ADVANCED INTERNET MARKETING d/b/a CHOICE CAREER FAIRS, CHRISTOPHER DEAN WELLS d/b/a WELLS CONSTRUCTION** and **FREEDOM WORKING CAPITAL** (hereinafter collectively referred to as "Defendants" and in support thereof would respectfully show unto the court as follows:

## NATURE OF SUIT

1. Plaintiff brings this action against Defendants to secure redress for violations of the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Junk Fax Prevention Act of 2005. Specifically, Plaintiff brings a claim pursuant to 47 U.S.C. § 227(b), for unsolicited faxes made by Defendants, or at Defendants' direction, to the cellular telephones of Plaintiff and others using an autodialer.

## JURISDICTION AND VENUE

2. This is an action for damages in excess of $75,000 and injunctive relief, exclusive of interest, costs and attorneys' fees, arising from Defendants' violations of the TCPA. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Moreover, this Court has personal jurisdiction over Defendants and venue is proper because (1) Defendants conduct business in this District, and (2) a substantial part of the events giving rise to Plaintiff's claims occurred here, including the unwanted faxes that Defendants sent or caused to be sent to Plaintiff's facsimile machine and cellular telephone using an automatic telephone dialing system.

## PARTIES

3. Plaintiff David D. Schein is a natural person and resident of Harris County, Texas.

4. Defendant **MDU RESOURCES GROUP, INC.** is a foreign corporation duly organized and operating under the laws of the State of Delaware that at all relevant times was doing business in the State of Texas. It may be served with process by serving its registered agent CT Commercial System, 120 W. Sweet Avenue, Bismarck, North Dakota 58504.

5. Defendant **RICKEY EVANS d/b/a CERTIFIED COMMERCIAL ROOFING** is an individual residing and operating in the State of Texas and who can be served with process at his primary residence/place of business at 7941 Katy Freeway, Suite 336, Houston, Texas 77024 or at 3200 Southwest Freeway, Suite 3300, Houston, Texas 77027.

6. Defendant **GREENLIGHT BUSINESS CREDIT** is a business operating from the

State of California that at all relevant times was doing business in the State of Texas. It may be served with process by serving any officer at its primary place of business located at 4695 MacArthur Court, Newport Beach, California 92660.

7. Defendant **JOSHUA COSTELLO d/b/a PAYLESS ROOFING AND REMODELING** is an individual residing and operating in the State of Texas and who can be served with process at his primary residence/place of business at 4537 Hillcroft Street, Houston, Texas 77057.

8. Defendant **ADVANCED INTERNET MARKETING d/b/a CHOICE CAREER FAIRS** is a business operating from the State of Nevada that at all relevant times was doing business in the State of Texas. It may be served with process by serving any officer at its primary place of business located at 8550 W. Desert Inn Road, Suite 102-204, Las Vegas, Nevada 89117.

9. Defendant **CHRISTOPHER DEAN WELLS d/b/a WELLS CONSTRUCTION** is an individual residing and operating in the State of Texas and who can be served with process at his primary residence/place of business at 16901 Young Sam Road, Conroe, Texas 77302.

10. Defendant **FREEDOM WORKING CAPITAL** is a business operating from the State of California that at all relevant times was doing business in the State of Texas. It may be served with process by serving any officer at its primary place of business located at 1277 Treat Blvd., Walnut Creek, California 94597.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

11. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, restricts the use of the facsimile machine to deliver unsolicited advertisements. Specifically, the TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send an

unsolicited advertisement to a telephone facsimile machine." The TCPA applies only to those facsimile messages that constitute "unsolicited advertisements." The statutory prohibition applies to such advertisements sent both to residential and business facsimile numbers.

12. In 2005, the Junk Fax Prevention Act (hereinafter referred to as the "Act") amended the Communications Act of 1934 to prohibit a person from using any telephone facsimile (fax) machine, computer, or other device to send, to another fax machine, an unsolicited advertisement to a person who has requested that such sender not send such advertisements, or to any other person unless: (1) the sender has an established business relationship with the person; (2) the sender obtained the fax number through voluntary communication from the recipient or from an Internet directory or site to which the recipient voluntarily made the fax number available for public distribution; and (3) the advertisement contains a conspicuous notice on its first page that the recipient may request not to be sent any further unsolicited advertisements, and includes a domestic telephone and fax number (neither of which can be a pay-per-call number) for sending such a request.

## FACTS

13. Defendants are various businesses located in Texas and elsewhere in the country that allegedly provide a variety of different services for consumers. At all times relevant, Plaintiff was a citizen of the State of Texas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. On information and belief, Defendants, in order to drive people to use their services, surreptitiously obtained the cellular telephone number and fax number of Plaintiff and others, then proceeded to send or cause others to send unsolicited facsimiles to those individuals, using automatic telephone dialing equipment.

15. Plaintiff and those other individuals whose cellular telephones and fax machines were sent faxes by Defendants or at Defendants' direction never actually consented to receive such faxes, and some people, like Plaintiff, who were called registered their cellular telephone numbers with the National Do Not Call Registry. Plaintiff has been registered on the National Do Not Call Registry since 2003.

16. On information and belief, Defendants and/or their agent lack a sufficiently adequate system for limiting autodialed faxes to fax machines and to cellular phones for which they do not have prior express permission to call. These are unsolicited faxes sent for the purpose of marketing to potential customers.

17. Plaintiff has never given Defendants permission to contact his cellular telephone or connect to his fax machine, whether through the use of an autodialer or otherwise.

18. Plaintiff was damaged by Defendants' numerous and persistent unwanted faxes. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of unwanted faxes forcing him to divert attention away from his work and other activities.

19. Defendants' violations of the TCPA and the Act were knowing and willful. Defendant's unsolicited faxes caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

20. Further, the generic nature of Defendants' faxes, combined with the large number of faxes sent by these Defendants, demonstrates that Defendants utilize an automatic telephone dialing system ("ATDS") in transmitting the faxes.

21. Specifically, upon information and belief, Defendants utilize a combination of hardware and software systems to send the faxes at issue in this case. The systems utilized by

5

Defendants have the capacity to capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of cellular telephone and fax machine numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. The faxes were deliberately sent with false "from" phone numbers or no "from" number displayed at all, further documenting their intent to defraud the recipient.

## CLASS ALLEGATIONS

22. Plaintiff brings this case on behalf of the Classes defined as follows:

> ***The ATDS Class:*** *All persons in the United States who, within four years prior to the filing of this action, Defendants or some person on Defendants' behalf sent a fax to their cell phone or fax machine using a device with the capacity to dial numbers without human intervention, where the recipient did not give the cell phone number and/or the fax machine number to Defendants for purposes of receiving automated marketing calls/faxes.*

> ***The DNC Class:*** *All persons within the United States who, within the four years prior to the filing of this Complaint, received more than one fax to said person's cellular telephone number and/or fax machine number within any 12-month period, by or on behalf of the same entity, without their prior express consent, while listed on the national Do Not Call Registry.*

23. Upon information and belief, Defendants or their affiliates called more than 30 non-customers in the four years preceding the filing of this action using an automatic dialer, where Defendants obtained the cellular phone numbers and fax machine numbers from sources other than directly from the call recipients.

24. Excluded from the Classes are Defendants, their parents, subsidiaries, affiliates, officers and directors, any entity in which any Defendant has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

25. Common questions of law or fact exist as to all members of the putative Classes and predominate over any question solely affecting any individual member, including Plaintiff.

Such questions common to the Class include but are not limited to:

    a. Whether Defendants used an "automatic telephone dialing system" as such term is defined or understood under the TCPA, the Act, and applicable FCC regulations and orders;

    b. Whether Defendants had prior express permission to contact Plaintiff and the other members of the putative Class when it sent faxes, or caused faxes to be sent, to their cell phones and/or fax machines using an automatic telephone dialing system; and

    c. Damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the members of the putative Class are entitled to trebled damages.

26. Plaintiff's claims are typical of the claims of the other members of the putative Classes. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the putative Classes are the same: Defendants violated the TCPA and the Act by causing the cellular telephone number and fax machine number of each member of the putative Classes, including Plaintiff, to be sent faxes using an automatic telephone dialing system without prior express permission.

27. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing his claim vigorously and has retained counsel competent and experienced in class and complex litigation, including with regard to the claims alleged herein.

28. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

7

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of members of the putative Class, such that joinder of all members is impracticable.

29. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

30. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the putative Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

31. The identity of the Class is, on information and belief, readily identifiable from the records of Defendants and/or any affiliated marketers.

## COUNT I
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)

32. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

33. Defendant violated the TCPA by sending unsolicited text messages to Plaintiff and the members of the Classes on their cellular phones without first obtaining their prior express consent and using equipment which constitutes an automatic telephone dialing system for the express purpose of marketing Defendant's goods and/or services.

34. Defendant's text messages caused Plaintiff and the Class members actual harm

including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data loss, messaging charges, and loss of use of their cellular telephones.

35. As a result of the aforementioned violations of the TCPA, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such future conduct

## COUNT II
## **VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(c)**

37. Plaintiff re-alleges and incorporates paragraphs 1-38 as if fully set forth herein.

38. Plaintiff and members of the DNC Class received more than one fax within a 12-month period, by or on behalf of Defendants, for the express purpose of marketing Defendants' goods and/or services without their written prior express consent.

39. Defendants' faxes caused Plaintiff and members of the DNC Class actual harm including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data, messaging charges, unnecessary loss of toner and increased costs of replacement toner, and loss of use of their cellular telephones and fax machines.

40. As a result of the aforementioned violations of the TCPA, Plaintiff and the DNC Class are entitled to an award of up to $1,500.00 for each fax in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

41. Additionally, Plaintiff and members of the DNC Class are entitled to and seek

injunctive relief prohibiting such future conduct.

## COUNT III
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## JUNK FAX PREVENTION ACT

42. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

43. Defendant violated the Junk Fax Prevention Act by sending unsolicited faxes to Plaintiff and the members of the Classes on their cellular phones and fax machines without first obtaining their prior express consent and using equipment which constitutes an automatic telephone dialing system for the express purpose of marketing Defendants' goods and/or services.

44. Defendants' faxes caused Plaintiff and the Class members actual harm including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data loss, messaging charges, unnecessary loss of toner and increased costs of replacement toner, and loss of use of their fax machines and cellular phones.

45. As a result of the aforementioned violations of the TCPA, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such future conduct

## JURY DEMAND

47. Plaintiff and Class Members hereby demand trial by jury.

**WHEREFORE**, **PREMSIES CONSIDERED,** Plaintiff and members of the Class demand a jury trial on all claims so triable, and judgment against Defendant for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant in the future;

b. Statutory damages of $500.00 for each and every facsimile message made in negligent violation of the TCPA and the Act;

c. Additional damages to include trebling of their statutory damages due to the willful nature of Defendants' conduct; and

d. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

e. For such further relief as the Court deems is just and equitable.

Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By: */s/ Kevin R. Michaels*
Kevin R. Michaels
State Bar No.: 00784598
16000 Barkers Point Lane, Suite 208
Houston, Texas 77079
Telephone: 281-496-9889
Facsimile: 281-496-4211
kmichaels@michaelslaw.net

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**